IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| MICHAEL W. FEIKES and CONNIE L. FEIKES, | No. 88668-1-I |
| Appellant, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| VOLKSWAGEN GROUP OF AMERICAN and UNIVERSITY AUDI AND VOLKSWAGEN, | |
| Respondents. | |

DÍAZ, J. — Michael and Connie Feikes purchased a car from the University Volkswagen dealership (Volkswagen), whose brakes they claimed later failed. Volkswagen could not find any problem with the brakes. The Feikeses refused to take the car back and eventually sold it back to the dealership for less than its purchase price. The Feikeses then sued the dealership for breach of warranty. A superior court dismissed their claims on summary judgment. We affirm.

I.      BACKGROUND

In January 2023, Michael and Connie Feikes[1] purchased a new 2022

---

[1] We refer to the parties by their first names when necessary for clarity. We intend no disrespect to the parties.

Volkswagen ID.4 for over $61,000 from the University Volkswagen dealership in Seattle. Michael claims that Connie told him that, on July 20, 2023, the brakes failed while she was driving, causing her to run a red light. She told him that the brakes "did return to use" and she was able to stop several blocks later. Michael was not present for this alleged incident.

On July 21, the Feikeses took the car back to the Volkswagen dealership. The dealership manager later declared that they "performed a comprehensive inspection, including checking for faults, visually inspecting the brake system, and taking the Vehicle for a test drive." The manager swore they found no problem with the brakes.

The Feikeses refused to accept the car back. They asked Volkswagen to buy it back from them under its repurchase program.[2] Volkswagen declined, "stating that the service history did not meet the requirements of its repurchase program." Volkswagen agreed to repurchase the car for fair market value. They offered $34,800.00, which the Feikeses accepted without negotiating.

The Feikeses then requested arbitration through the Lemon Law Administration under the Attorney General of Washington. The request was denied because they no longer owned the vehicle and were therefore ineligible for arbitration.

The Feikeses brought suit pro se[3] in King County Superior Court, citing

---

[2] RCW 19.118.041(1)(b) requires a new motor vehicle dealer to refund "the purchase price, all collateral charges, and incidental costs, less a reasonable offset for use" if they cannot conform the vehicle to the warranty.

[3] Michael Feikes is an attorney licensed to practice in the state of Illinois.

Washington's Lemon Law, chapter 19.118 RCW. Volkswagen moved for summary judgment. The Feikeses filed a response and a cross motion for summary judgment. Michael Feikes did not present any sworn declaration from either himself or Connie. The court granted Volkswagen's motion for summary judgment, dismissing the suit. The Feikeses timely appeal.

## II. ANALYSIS

As a preliminary matter, we note that the Feikeses appeal pro se. We hold pro se litigants to the same standards as attorneys representing clients. In re Vulnerable Adult Pet. for Winter, 12 Wn. App. 2d 815, 844, 460 P.3d 667 (2020); see also In re Marriage of Olson, 69 Wn. App. 621, 626, 850 P.2d 527 (1993) (courts are "under no obligation to grant special favors to . . . a pro se litigant."). However, we liberally interpret our Rules of Appellate Procedure "to promote justice and facilitate the decision of cases on the merits." RAP 1.2.

Also preliminarily, we note that the exact causes of action are unclear from the complaint itself. Michael clarified in a deposition that he intended to bring three causes of action: 1) breach of warranty under the Lemon Law, 2) breach of warranty under the Uniform Commercial Code (UCC), Title 62A RCW, and 3) a claim that Volkswagen "doesn't really have a buyback program as required under federal law." We hold that summary judgment was proper for each cause of action because the Feikeses failed to provide evidence to create a genuine issue of material fact.

We review orders on summary judgment de novo. TracFone, Inc. v. City of Renton, 30 Wn. App. 2d 870, 875, 547 P.3d 902 (2024). Summary judgment is

appropriate where the materials and evidence in the record "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c); see Ranger Ins. Co. v. Pierce County, 164 Wn.2d 545, 552, 192 P.3d 886 (2008).

"Washington courts employ a two-step burden-shifting analysis" to assess summary judgment motions. TracFone, 30 Wn. App. 2d at 875. First, the "party moving for summary judgment bears the initial burden of showing that there is no disputed issue of material fact." Haley v. Amazon.com Servs., LLC, 25 Wn. App. 2d 207, 216, 522 P.3d 80 (2022) (citing Young v. Key Pharms., Inc., 112 Wn.2d 216, 225, 770 P.2d 182 (1989)). Second, the "burden then shifts to the nonmoving party to present evidence that an issue of material fact remains." Id.

"[T]he party opposing summary judgment must respond with more than conclusory allegations, speculative statements, or argumentative assertions of the existence of unresolved factual issues." Ruffer v. St. Frances Cabrini Hosp. of Seattle, 56 Wn. App. 625, 628, 784 P.2d 1288 (1990).

Both the Lemon Law and the UCC require the existence of a breach of warranty before requiring the seller to remedy the breach. RCW 19.118.041(1) ("If the . . . new motor vehicle dealer is unable to conform the new motor vehicle to the warranty by repairing or correcting any nonconformity . . . the manufacturer . . . shall, at the option of the consumer, replace or repurchase the new motor vehicle."); RCW 62A.2-607(4) ("The burden is on the buyer to establish any breach with respect to the goods accepted.").

The Feikeses argues that whether the brakes were defective is an issue of

fact "to be determined by a trier of fact." But to survive summary judgment, the Feikeses must produce competing evidence to create an issue of fact. See TracFone, 30 Wn. App. 2d at 875.

The Feikeses argues that the trial court erred "when it granted Volkswagen's motion for summary judgment even though [] Volkswagen failed to provide proof that the vehicle did not have a defect." The Feikeses misapprehend the summary judgment burden-shifting analysis.

Volkswagen met its initial burden to show there was no disputed issue of material fact when it produced a declaration from the Volkswagen manager explaining that his employees "confirmed the brakes were not in any way defective." The burden then shifted to the Feikeses to "present evidence that an issue of material fact remains." Haley, 25 Wn. App. 2d at 216.

The Feikeses' opposition to Volkswagen's motion simply supplemented the facts in their initial complaint. But a party defending against summary judgment "may not rest upon the mere allegations or denials of a pleading, but a response, *by affidavits or as otherwise provided in this rule*, must set forth specific facts showing that there is a genuine issue for trial." CR 56(e) (emphasis added). The Feikeses did not provide sworn testimony in an affidavit, or any other evidence disputing the Volkswagen manager's declaration. Therefore, there was no issue of material fact regarding breach of warranty before the court, and summary judgment was proper.[4]

---

[4] Because we conclude that the Feikeses did not create a genuine issue of material fact as to the alleged breach of warranty, we need not address the issue of whether the Feikeses could show an issue of fact as to the amount of damages.

Even if the court were to consider the facts in the signed complaint as Michael's sworn testimony, Michael himself was not present for the alleged brake failure. Michael's retelling of Connie's experience when the brakes allegedly failed is plainly hearsay and the Feikeses do not argue an exception applies. See ER 801 ("'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."). "Supporting and opposing affidavits shall be made on personal knowledge[.]" CR 56(e). The nonmoving party cannot defend against summary judgment with inadmissible hearsay. Dunlap v. Wayne, 105 Wn.2d 529, 535-36, 716 P.2d 842 (1986); ER 801(c); CR 56(e). No reasonable person would find that Michael's testimony of Connie's experience created an issue of material fact. SentinelC3, Inc. v. Hunt, 181 Wn.2d 127, 140-41, 331 P.3d 40 (2014) (holding that hearsay and unsworn statements would not allow reasonable minds to find for the nonmoving party).

The Feikeses also claim that the vehicle is presumed defective under the Lemon Law because it was "out of service for 47 days." This argument misreads the statute. The dealership is obligated to either replace or repurchase a vehicle that does not conform to the warranty if it cannot correct the nonconformity after a reasonable number of attempts. RCW 19.118.041(1). A reasonable number of attempts "shall be deemed to have been undertaken by . . . the dealer if . . . the vehicle is out of service by reason of diagnosis or repair of one or more nonconformities for a cumulative total of thirty calendar days[.]" RCW 19.118.041(2)(c). The statute means that, if a vehicle does not conform to a

6

warranty *and* is out of service for more than 30 days, there is a presumption that the dealer cannot correct the nonconformity and must replace or repurchase the vehicle. The statute does not remove the plaintiff's burden to first provide evidence of the nonconformity itself, which the Feikeses have not shown by competent evidence.[5]

We next address the Feikeses' claim that "Volkswagen doesn't really have a buyback program as required under federal law and that their policy is just to deny and delay." They claim that summary judgment dismissal was an error because "Volkswagen never produced a single occasion where it had repurchased or replaced a vehicle through it's [sic] program." The undefined cause of action aside, the Feikeses again misconstrue the shifting burdens under summary judgment. See Haley, 25 Wn. App. 2d at 216.

Volkswagen met their initial burden when they produced its "Lemon Law Evaluation and Response Overview Policy." The burden then shifted to the Feikeses to produce evidence to create a dispute of material fact. Haley, 25 Wn. App. 2d at 216. The Feikeses argued in response that the facts that (1) the car was "out of service for 47 days" and that (2) Volkswagen did not repurchase it

---

[5] The Feikeses' Lemon Law claim also fails due to procedural deficiencies. The Lemon Law requires that a consumer "shall exhaust the new motor vehicle arbitration board remedy . . . before filing any superior court action." RCW 19.118.080(3). They "may request a trial de novo of the arbitration decision, including a rejection, in superior court." RCW 19.118.100(1). The Feikeses' rejected request for arbitration was eligible for de novo review by a superior court. But instead of petitioning for review, the Feikeses filed a new action in superior court. The superior court therefore lacked the record before the Lemon Law Administration and could not review the record de novo. The Feikeses' Lemon Law claim was therefore not properly before the superior court, and dismissal was proper.

under RCW 19.118.041(1) alone create a genuine issue of material fact as to whether Volkswagen ever repurchases or replaces vehicles that do not conform to the warranty. These facts, even if taken as true, are not sufficient evidence that Volkswagen has violated the Lemon Law.

As addressed supra, Volkswagen's obligations under RCW 19.118.041(1) are triggered by the existence of a nonconformity. Since the Feikeses did not provide evidence of any alleged nonconformity, failure to repurchase the car is not evidence that Volkswagen violated RCW 19.118.041. The Feikeses did not provide any other evidence that Volkswagen lacked a repurchase program and did not produce a genuine issue of material fact. Summary judgment was therefore proper on this claim.

### III.     CONCLUSION

We affirm the superior court's order of dismissal.

Díaz, J.
_____

WE CONCUR:

Chung, J.
_____

Smith, J.
_____